IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

IN RE:        Tabitha Amanda Madden,        ✯    Case No.:  (To be assigned)
              Debtor.                       ✯    Chapter 13
                                            ✯    Judge Smith

**DEBTOR'S INITIAL CHAPTER 13 PLAN**

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) [or the debtor's(s') employer] shall pay to the trustee the sum of $ 260. 00  [ ] weekly [ ] bi-weekly [ ] semi-monthly [ ✓ ] <u>monthly</u>.
[ ] These plan payments change to $_____ weekly/ bi-weekly/semi-monthly/monthly on _____, 20 ___.

2. From the payments so received, the trustee shall make disbursements as follows:
(a) The trustee percentage fee as set by the United States Trustee.
(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| Name of Creditor | Month of First Payment Under Plan | Payment Monthly |
|---|---|---|
| None. | | |

(c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| Name of Creditor | Adequate Protection Payment |
|---|---|
| Anderson Federal Credit Union, (monthly in accordance with the Bankruptcy Code) | 85.00 |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a motor vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred with 1 year of filing. See 11 USC section 1325 (a)

| Name of Creditor | Amount Due | Interest Rate | Collateral | Payment Monthly |
|---|---|---|---|---|
| None. | | | | |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| Name of Creditor | Amount Due | Value | Interest Rate | Collateral | Payment Monthly |
|---|---|---|---|---|---|
| Anderson Fed.C.U. | 9,122.00 | 7,000 | 4.5% | 2008 Chrysler Pacifica | 184.00 |

(f) Attorney fees ordered pursuant to 11 USC section 507 (a) (2) of **$3,000.00** to be paid as follows:

Pursuant to the Current Administrative Order          pay according to the administrative order

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:

| Name of Creditor | Amount Due | Value | Interest Rate | Collateral |
|---|---|---|---|---|
| None. | | | | |

(h) The following collateral is surrendered to the creditor;

| Name of Creditor | Description of Collateral |
|---|---|
| Rural Housing Program, USDA | Dwelling structure at 450 Fairview Farms Cir, Franklin County |
| Farmers Furniture | washer |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt and will not include interest at the rate of         %. Interest can only be included if the plan is proposing to pay all claims in full.)

| Name of Creditor | Payment Monthly |
|---|---|
| None. | |

(j) The following unsecured claims are classified to be paid at 100%. These payments will be made simultaneously with payment of the secured debt:
None

(k) All other 11 U.S.C. §507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts:
None.

(m) Special provisions:

(1). **Lien Avoidance** [if applicable]. All non-possessory, non-purchase money liens and/or judgment liens in exempt property will be avoided pursuant to 11 USC § 522 (f), by separate motion.

( 2 ) **Tax Refunds.** Debtor(s) will retain, as part of his/her/their monthly or annual income, all of the federal and state tax refunds he, she, or they receive or are entitled to receive during the pendency of this case.

(3) **Monthly Average Payment**. If this plan provides for payments to be made on a weekly, bi-weekly, or semi-monthly basis, then the average monthly payment to be paid into the plan is $ 260.00 .

(4) **Continuation of Adequate Protection Payments.** Regardless of any provision of the current Administrative Order on Attorney's Fees in Chapter 13 Cases [effective February 1, 2011] which may provide for or authorize the Standing Chapter 13 Trustee to discontinue the disbursement of adequate protection payments to secured creditors as are provided for in Paragraph 2 (c) of this Plan, the trustee is directed to continue making those adequate protection payments provided for above until the initial disbursement of attorney's fees found in Sub-paragraph (a) of the unnumbered section entitled "Method of Disbursement of Fees" has been fully paid, and the payments provided for in Paragraphs 2 (d) and 2 (e), as provided for above, are to begin.

(5)  **Sequence of Events for Payment of Secured Claims Covered by the Unnumbered Paragraph of** 11 **U.S.C.** § 1325 (a).   Except as modified in Paragraph (m) (4) of this Plan, immediately above, the payments to secured creditors whose claims fall under Paragraph 2 (d) of this Plan shall begin only after entry of an order confirming this plan.

(6) **Attorney Fee Option Pursuant to the Administrative Order on Attorney's Fees in Chapter 13 Cases.**
Regardless of the entry shown in Paragraph 2 (f) of this Plan as to the amount of attorney's fees being sought by counsel in this case, Debtor['s]'s attorney will seek compensation and an award of attorney's fees in accordance with the 2016 (b) Statement in effect at the time of entry of an order of confirmation of this case.

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)
    (i)  Debtor will pay all of his disposable income as shown on form B22C of $ 0.00   to

 the non- priority unsecured creditors in order to be eligible for a discharge.
    (ii)  If the debtor filed a Chapter 7 case, the unsecured creditors would receive

$ 0.00  . Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for a discharge

    (iii)  The debtor will pay $ 0.00  to the general unsecured creditors to be distributed *pro rata*.


(o) General unsecured creditors whose claims are duly proven and allowed will be paid : (choose one only)
    (a)  0  % dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii) or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.
    (b)  the debtor(s) will make payments for _____ months and anticipates a dividend of

_____ %, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate, subject to the court's jurisdiction, notwithstanding Section 1327 (b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee, shall remain in the possession of the debtor. All property in the possession and control of the debtor shall be insured by the debtor. The Chapter 13 Trustee will not and is not required to insure assets and has no liability for injury to any person, damage or loss to any property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Dated: 9/30/2015                    /s/ Tabitha Amanda Madden
                                    Debtor